**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4626

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNARD JEMAL FRAZIER, a/k/a DJ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00484-FL-1)

Submitted: December 20, 2022                    Decided: December 22, 2022

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Robert J. Parrott Jr., PARROTT LAW P.L.L.C., Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennard Jemal Frazier pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine, heroin, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). The district court sentenced Frazier to 49 months' imprisonment and Frazier timely appealed. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Frazier's sentence is reasonable and whether counsel provided ineffective assistance at sentencing. In a pro se brief, Frazier contests the procedural reasonableness of his sentence. The Government has moved to dismiss the appeal pursuant to the appeal waiver contained in the plea agreement; Frazier opposes the motion. For the reasons that follow, we affirm the conviction, vacate Frazier's sentence and remand for resentencing, and deny as moot the Government's motion to dismiss.

First, upon a review of the record, we conclude that Frazier's guilty plea was knowing, voluntary, and supported by a sufficient factual basis and that he knowingly and voluntarily waived his right to appeal. However, in accordance with *Anders*, we have found a meritorious issue that falls outside the scope of Frazier's appeal waiver and requires us to vacate his sentence and remand for resentencing.[*] Specifically, some of the

---

[*] Because we vacate Frazier's sentence, we do not consider any other issues related to the sentence, including his claim that he received ineffective assistance of counsel at sentencing. *See United States v. Singletary*, 984 F.3d 341, 346-47 (4th Cir. 2021) (declining to consider additional challenges to original sentence).

2

non-mandatory conditions of supervised release included in the written criminal judgment were not orally pronounced at sentencing.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). While a district court need not orally pronounce all mandatory conditions at the sentencing hearing, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either by separately announcing each discretionary condition or by "expressly incorporating a written list of proposed conditions." *Id.* at 296, 299.

In pronouncing the terms of Frazier's supervised release at sentencing, the district court did not orally impose the standard conditions of supervised release. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." 984 F.3d at 345 (emphasis omitted). Where, as here, the court fails to announce non-mandatory conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing. *Id.* at 346 & n.4.

In accordance with *Anders*, we have reviewed the record in its entirety, and we have found no other meritorious issues for appeal outside the scope of the waiver. Accordingly, we affirm Frazier's conviction, vacate his sentence, and remand for resentencing. We deny as moot the Government's motion to dismiss.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*